Entered on Docket
October 23, 2018
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



Signed and Filed: October 23, 2018

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>DANIEL EVERETT OBLENIS,<br><br>               Debtor. | )  Bankruptcy Case<br>)  No. 18-30530-DM<br>)<br>)  Chapter 13<br>)<br>) |

**MEMORANDUM DECISION ON STATE BAR'S MOTION FOR SANCTIONS**

On August 21, 2018, creditor The State Bar of California ("State Bar") filed and served the underlying Motion for Sanctions ("Contempt Motion") against debtor Daniel Everett Oblenis ("Debtor"), setting it for hearing on September 18, 2018. No timely opposition was filed,[1] and the court entered the following docket text order on September 17, 2018:

> DOCKET TEXT ORDER (no separate order issued:) The court has reviewed the California State Bars Motion for Sanctions Against Debtor Daniel Everett Oblenis and finds it well-taken. Debtor has filed no timely opposition to the motion. Accordingly, the court will grant the motion in part and will shortly issue an order explaining its. The hearing now set for September 18, 2018, at 1:10 p.m.

---

[1] Debtor filed an untimely response on the date of the hearing (September 18, 2018) and one day after entry of the court's docket text order. On September 17, 2018, the courtroom deputy emailed Debtor a copy of the docket text order and read the docket text order to him by telephone.

-1-

is taken OFF CALENDAR. (RE: related document(s)28 Motion for Sanctions filed by Creditor State Bar of California). (Montali, Dennis) (Entered: 09/17/2018).

For the reasons set forth below, the court will GRANT the relief sought by the State Bar in the Contempt Motion.

## DISCUSSION[2]

Debtor has filed at least six bankruptcy cases in this district since August 2013: the current case; Case No. 17-30225 (Montali, J.); Case No. 15-52214 (Hammond, J.); Case No. 14-43328 (Efremsky, J.) (filed as "O'Blenis Everett Daniel"); Case No. 13-32111 (Blumenstiel, J.); Case No. 13-31855 (Blumenstiel, J.). In addition, as alleged by the State Bar (Dkt. 28 at 2:11-13), Debtor filed multiple cases in the Western District of Washington resulting in an imposition of a two-year bar in that district.

In the last case filed in this district (Case 17-30225), chapter 13 trustee David Burchard ("Trustee") moved for dismissal of the case with a two-year bar on future filings and for sanctions in the event Debtor violated the two-year bar. *See* Dkt. 21 in Case No. 17-30225. On July 28, 2017, the court entered an order granting the relief sought by Trustee and stating: "Mr. Everett is barred from filing any bankruptcy cases in any bankruptcy court of the United States for two years from the date of this order and he is cautioned that a violation of this order could result in sanctions of $5,000.00 as requested by the Trustee." *See* Dkt. No. 41 at 2 in Case No. 17-30225 (the "Bar Order"). Debtor did not appeal that order and it is final.

---

[2]The following discussion constitutes the court's findings of fact and conclusions of law. Fed. R. Bankr. P. 7052(a).

-2-

Notwithstanding the Bar Order, Debtor filed the current case on May 11, 2018. Notably, Debtor did not provide a Social Security Number in his "Statement About Your Social Security Numbers", instead stating "Do not have with me." *See* Dkt. 5. He similarly stated in response to Question 3 of his voluntary petition that he would need to file an update to his petition to add his social security number as he did "not have [it] on me." *See* Dkt. 1 at p. 1. In the five months since filing those documents, the social security number has not been provided. Furthermore, instead of listing "Everett" as his last name, Debtor used "O'Blenis." He acknowledged filing cases in this district, but did not provide the case numbers. Because Debtor did not provide his social security numbers or use the last name "Everett," his prior cases did not appear automatically on the docket.

In his late-filed opposition to the Contempt Motion, Debtor argues that this court lacks jurisdiction to hear the motion because the case was closed. The case was not closed when the court ruled on the motion; to the contrary, the case was reopened by an order of the court signed on August 25, 2018 and entered on the docket on August 27, 2018 (Dkt. 31). Debtor also cites to inapplicable local rules of the U.S. District Court regarding service, removal and related proceedings. The relevant local rule is B.L.R. 9014-1, with which the State Bar complied. Finally, Debtor contends that the State Bar did not comply with Rule 7004(b)(9), as service occurred when he was no longer a debtor. Even if Rule 7004(b)(9) did not apply to Debtor, he is an individual, and service by the State Bar complied with the service requirements of the rule governing individuals. Fed. R. Civ. P. 7004(b)(1).

In light of the foregoing, the court finds and determines that Debtor has violated the terms of the Bar Order by filing the voluntary petition commencing this case. Given Debtor's failure to disclose pertinent information in his petition or in an amended petition that would automatically link this case to his prior cases (social security number, prior case numbers) and his use of a different last name, the court finds that Debtor knowingly violated the terms of the Bar Order with an intent to avoid the consequences of such a violation. Consequently, the court will grant the Contempt Motion and impose sanctions against Debtor in the amount of $5,000.00, payable to this court within thirty days of entry of the order to be submitted. It will further award the State Bar $3,500 in attorneys fees for preparing and filing the Contempt Motion.[3]

## CONCLUSION

Counsel for the State Bar should upload an order granting the relief sought in the Contempt Motion, and file a separate proof of service indicating that it has served Debtor with the proposed form of order in accordance with B.L.R. 9021-1(c).

**\*\*END OF MEMORANDUM DECISION\*\***

---

[3] The State Bar states that Debtor's repeated filings have precluded it from recommending his suspension due to unpaid licensing fees, but did not request a comfort order permitting it to pursue its remedies for non-payment of dues notwithstanding any subsequent filing by Debtor. That said, depending on the timing of the next (if any) bankruptcy petition by Debtor, the stay may not apply as a matter of law. See 11 U.S.C. § 362(c)(3) and (4).

**Court Service List**

Daniel Everett
15 Boardman PL #2
San Francisco, CA 94103