

Signed and Filed: January 17, 2019

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>DANIEL EVERETT OBLENIS, aka DANNY OB, aka DANNY O, aka DANNY E, aka DANIEL DANIEL DANIEL,<br><br>            Debtor.<br>_____ | Bankruptcy Case<br>No. 18-30530-DM<br><br>Chapter 13 |

<u>MEMORANDUM DECISION REGARDING DEBTOR'S OBJECTIONS TO AND
REQUESTS FOR RECONSIDERATION OF SANCTIONS ORDER</u>

For the reasons set forth below, the court will enter an order overruling the various objections filed by Debtor to this court's Order Granting Creditor The State Bar of California's Motion for Sanctions Against Debtor Daniel Everett Oblenis entered on October 26, 2018 at Docket No. 39. To the extent these objections constitute motions to vacate or for reconsideration, such relief will be denied.

I.    THE 2017 DISMISSAL ORDER

In 2017, Debtor filed his fifth bankruptcy case in this district (Case No. 17-30225). Chapter 13 trustee David Burchard ("Trustee") filed a motion to dismiss that case with a two-year bar to future filings and to assess sanctions in the event of the filing of a case by Debtor in that two-year period. (Dkt. 21 in 17-

-1-

30225).[1]  The Trustee disclosed that Debtor had also filed multiple cases in the Bankruptcy Court for the Western District of Washington, which in turn imposed a two-year bar against his filing of further bankruptcy petitions. (Dkt. 21 in 17-30225 at 4:5-7). At least one of the Northern District of California bankruptcy cases (Case No. 15-52214) was filed in violation of the Washington bankruptcy court's order.

Trustee's motion sought the following relief:

> This pattern of filing bankruptcy to forestall the creditors must be stopped. The Trustee requests this case be dismissed with prejudice and that an Order be issued that: 1) bars Debtor from future filings for a minimum of two years; 2) any case filed after entry of the order be deemed null void and dismissed without notice to Debtor; and 3) if Debtor violates this order, sanctions in the amount of $5,000.00 will be assessed within ten days of the filing of the petition.

Dkt. 21 in 17-30225.

Debtor was aware that Trustee had filed a request for a two-year bar on re-filing, having filed an "Opposition to Request to Dismiss Filing with a Bar for Filing of Two Years" (Dkt. 25 in 17-30225) and a "Further Opposition to Request to Dismiss Filing With a Bar for Filing of Two Years" (Dkt. 26 in 17-30225).

On July 19, 2017, the court held a hearing on the motion as described in the minutes:

> Hearing Held. The matter stands submitted. The court will consider any filings made by the debtor prior to making a decision as long as the pleadings are signed by the debtor and filed with the bankruptcy court. (related

---

[1] The four prior cases identified by Trustee include Case No. 15-52214 (dismissed for failure to comply with Court's Order to File Required Documents; Case No. 14-43328 (dismissed for the same reason); Case No. 13-3211 (dismissed for failure to pay filing fee) and 13-31855 (dismissed for failure to comply with Court's Order to File Required Documents).

-2-

document(s): 21 Motion to Dismiss Case filed by David
Burchard) (lp ) (Entered: 07/20/2017)

In the week following the hearing, Debtor filed seven documents including another opposition.  After considering these additional filings, the court entered its order granting the motion to dismiss and barring Debtor from filing any bankruptcy cases in any bankruptcy court of the United States for two years ("2017 Dismissal Order").  Dkt. 41 in 17-30225.  The court stated that Debtor's "non-response to the substantive allegations of the Motion (joined by Mr. Boschetti) cannot be ignored. *In fact, the undisputed facts regarding multiple filings and lack of prosecution leads the court to conclude that this case should be dismissed and [Debtor] should be barred once again from filing for two years as requested by the Trustee*."  Dkt. 41 in 17-30225 at 2:20-25 (emphasis added).  The court cautioned Debtor that a violation of the order could result in imposition of sanctions of $5,000.00 as requested by the Trustee.  Dkt. 41.

Notice of the 2007 Dismissal Order was served on Debtor,[2] an attorney who knew the nature of the relief that had been sought, including the two-year bar, as reflected by the title and substance of his oppositions.  Even though  Debtor was placed on the court service list at the end of the 2007 Dismissal Order, the order itself was not served on him.

II. THE 2018 CASE

Debtor filed the above-captioned case on May 11, 2018.  He also filed a request to pay the filing fee in installments (Dkt. 2)

---

[2] *See* Certificate of Service filed on July 20, 2007, at Dkt. 42.

and for a waiver of pre-petition counseling requirement (Dkt. 8) (the "Requests").  Three days later, on May 14, 2018, the court entered an Order on Requests and re Possible Dismissal (Dkt. 10), which it amended on May 22, 2018 (Dkt. 18).  These orders noted multiple deficiencies in the Requests and the bankruptcy petition, including Debtor's failure to provide a social security number and to identify his prior cases.  In the final two paragraphs of the initial and amended order, the court specifically (1) observed that Debtor's current bankruptcy filing appeared to violate the two-year bar imposed by the 2017 Dismissal Order and (2) reserved jurisdiction to decide any motion for sanctions filed by a party-in-interest due to Debtor's violation of that bar.  (Dkt. 10 and Dkt. 18).[3]

Despite the court's warning that the filing of the current case violated the 2017 Dismissal Order, Debtor filed a response (Dkt. 21) to the Amended Order on Requests and Possible Dismissal (Dkt. 18).  In it, Debtor asserted that he had filed this case as his corporation (which is ineligible for chapter 13 relief) even though he filed a Voluntary Petition for Individuals Filing for Bankruptcy (Official Form 101) and identified only himself individually as the debtor (Dkt. 1).  He further disputed the relevance of his social security number, and provided the numbers of only three of his multiple prior cases; he further noted that he was "not sure how that is relevant to this filing."  Dkt. 21, p. 2. Debtor did not complain that he had not been served with the 2017 Dismissal Order.

---

[3] The record reflects that these orders were served on Debtor (Dkt. 14, Dkt. 19, and Dkt. 20).

After consideration of this response by Debtor, the court issued its Order Dismissing Case on May 30, 2018 (Dkt. 22). The last paragraph of that order states: "*Notwithstanding dismissal, the court retains jurisdiction to consider any motion a party in interest may file for sanctions as a result of debtor's filing this case in violation of [the 2017 Dismissal Order].*" (Emphasis added). The case was closed on August 20, 2018.

On August 21, 2018, one day after the case was closed, the State Bar of California filed a motion for sanctions (the "Sanctions Motion") against Debtor based on his failure to comply with the 2017 Dismissal Order and set it for hearing on September 18, 2017. Debtor did not respond (thus waiving any objection that the 2017 Dismissal Order had not been served on him), so the court entered a docket text order on September 17, 2018, taking the matter off calendar and indicating that it would issue a written order granting Sanctions Motion in part. The next day (September 18, 2018), Debtor filed a "Notice of Related Case and Motion Partial Response To Motion For Sanctions; Request For Disability Accommodation Based on Previously submitted Documents Via Email; Request for Notice That An Appeal Had Been Previously Filed in This Matter; Request For Recognition That the Service Here Was Not in Accord with Rule of Bankruptcy Procedure 7004" (the "Sanctions Opposition") (Dkt. 35).

On October 23, 2018, after considering the merits of Debtor's Sanctions Opposition, the court entered a memorandum decision (Dkt. 36) stating that it would grant the State Bar's Sanctions Order. The court found that in light of "Debtor's failure to disclose pertinent information in his petition or in an amended petition

-5-

that would automatically link this case to his prior cases (social security number, prior case numbers) and his use of a different last name," the Debtor "knowingly violated the terms of the [2017 Dismissal Order] with an intent to avoid the consequences of such a violation." Dkt. 36 at 4:3-9.

For the reasons set forth in that memorandum decision, the court entered the Order Granting Creditor The State Bar of California's Motion for Sanctions Against Debtor Daniel Everett Oblenis (Dkt. 39). Debtor thereafter filed a flurry of oppositions to the order as well as a motion for the disqualification of this judge. Dkts. 42, 43, 45, 46, 47, 51, 52, and 60. The court will treat the objections to the order collectively as a Motion to Vacate the Sanctions Order.

By an order entered on November 26, 2018, the court denied the various motions for recusal. Dkt. 55. On December 11, 2018, the State Bar filed its response to the various oppositions, requests, and motions filed by Debtor with respect to the Sanctions Order. In it, the State Bar correctly noted that the record does not support Debtor's position that the petition commencing this case was an "amendment" to an existing petition.

Given that Debtor knew the nature of the relief sought by Trustee in the motion to dismiss with a two-year bar in Case No. 17-30225 (as reflected in his responses referring to the requested two-year bar), the court concludes that he received notice that the court had granted such relief. As noted, he did receive notice of entry of the 2017 Dismissal Order as reflected at Dkt. 42 in 17-30225. His silence after that amounts to a waiver of actual service of the actual 2017 Dismissal Order.

Moreover, the information provided on the petition date (including the use of a different last name and the absence of a social security number)[4]/ precluded court staff from identifying and placing on the docket his five prior cases in this district. Debtor's actions establish consclusively that Debtor knew about the two-year bar and hoped to circumvent it.

III. CONCLUSION

Even though Debtor was not served with the 2017 Dismissal Order itself, he received notice of entry of that order and knew the substance of the relief sought by the Trustee in the underlying motion, i.e., imposition of two-year bar to filing any bankruptcy petition and sanctions in the amount of $5,000 if Debtor violated the order and waived any objections to service of that order. Contrary to his assertions, the State Bar served him with sufficient notice of its motion, notice and supporting papers (Dkt. 28 at ECF p. 7; Dkt. 28-1 at ECF p. 5; Dkt. 28-2 at ECF p. 5 ; and Dkt. 29, ECF p. 3). Debtor received 28 days notice of the motion in accordance with B.L.R. 9014-1(b), and the manner of service complied with Fed. R. Bankr. P. 7004(b)(9).

Based on the foregoing, the court will enter an order overruling Debtor's objections to the Sanctions Order and denying his requests for reconsideration, which are filed at Docket Numbers 60, 52, and 42 (addressed in this court's Order on Objection to the Memorandum of Decision and Order Granting State Bar Motion for Sanctions at Dkt. 44).

*** END OF MEMORANDUM DECISION ***

---

[4]/On the form for the provision of the social security number, Debtor wrote "Do not have with me."

-7-

1
2                                    **Court Service List**

3  Daniel Everett OBlenis
   Law Office of Daniel Everett
4  288 30th Street
   San Francisco, CA 94131
5
   Daniel Everett OBlenis
6  15 Boardman Pl. #2
   San Francisco, CA 94103
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Case: 18-30530   Doc# 70   Filed: 01/17/19   Entered: 01/17/19 17:39:10   Page 8 of 8